### GEORGE OSBORNE *vs.* WILLIAM H. VARNEY & others.

A testatrix devised and bequeathed specific property to a trustee, for the benefit of her brother S. for life, to be divided, after the death of S., between W. and B., children of S.; S. having four other children: The testatrix also devised and bequeathed to the same trustee all the residue of her property, directing him to divide the same into four equal shares, and to "hold one share upon the same conditions and limitations as are set forth in the above devise in trust to S. and his children." *Held*, that this residuary devise was for the benefit of W. and B., after the decease of S., and that the other children of S. had no claim thereto. *Held also*, that parol evidence could not be received to prove the intention of the testatrix to give this quarter part of the residue to all the children of S., after his death.

THIS was a bill in equity, in which it was alleged that Betsey Varney, late of Salem, by her last will, which had been duly

proved and allowed, devised and bequeathed to the plaintiff
certain real estate, a promissory note, and $400 in money,
upon the trust and confidence that he should permit Stephen
Varney, a brother of said Betsey, to occupy said real estate,
and receive the income thereof, and also the interest of said
note, during his life, and that the plaintiff should pay $200 of
said money to said Stephen, and invest the other $200 in bank
or other stock, and pay the income thereof to said Stephen,
during his life: That said Betsey devised and bequeathed the
remainder of the aforesaid property, in these terms: "At the
decease of said Stephen, I give and devise said real estate, and
said $200, and said note of hand, to William Henry Varney
and Betsey Varney, children of said Stephen, to be equally
divided between them:" That said testatrix, after making divers
other devises and bequests, added to her said will this residuary
clause: "As to the rest and residue of my estate, whether real
or personal, I give and devise the same to the said George
Osborne (the plaintiff) and his heirs, upon trust that he shall
invest and keep invested the same in such manner as he may
deem advisable, and shall divide the same into four equal shares,
and hold one share upon the same conditions and limitations
as are set forth in the above devise in trust to Stephen Varney.
and his children," &c.: That at the time of the death of said
testatrix, the said Stephen Varney and his abovenamed children
were alive: That said Stephen died in November 1840, having
received the whole income of the property devised and be-
queathed to the plaintiff, in trust for him, as aforesaid: That
said Stephen left his said children, William Henry and Betsey,
surviving him, and also left four other children, viz. George,
Charles, Hannah and Mary: That the plaintiff was in posses-
sion, as trustee, under the said will, of property to the amount
of $5578·28, one fourth part of which was held by him, under
the residuary clause in the will, in trust for the benefit of such
of the children of said Stephen Varney as are entitled thereto;
and was desirous of distributing the same among them: That
the aforesaid George, Charles, Hannah and Mary made claim
equally with the aforesaid William H. and Betsey, to said fourth

part, and that said William H. and Betsey claimed the whole thereof. The plaintiff therefore prayed that the conflicting claims of said Stephen's children might be adjusted by a decree of the court.

The *answers* of the several defendants admitted the truth of the allegations in the bill, and insisted on their claims as they had before made them to the plaintiff. The said George, Charles, Hannah and Mary offered to prove, by parol evidence, if admissible, " that the intention of the testatrix was to remem ber and in some degree provide for all the children of all her brothers and sisters ; and that she intended, in addition to this, to provide a legacy to said William Henry and Betsey, in the clause of the will under which they claim, because they were respectively named for a favorite deceased brother and sister c the testatrix."

This case was submitted to the court without argument.

SHAW, C. J. The court are of opinion that this clause in the residuary devise, viz. " to hold upon the same conditions and limitations as are set forth in the above devise in trust to Stephen Varney and his children," qualifies the whole gift, describes the persons who are to take, and limits the benefit of the devise to Stephen to the same two children, William Henry and Betsey, to whose use the specific bequest was made. " To Stephen Varney and his children," is a clause describing the former bequest, and was meant to identify it, and therefore must be construed to mean the two children before mentioned, to avoid repetition, and not to extend the bounty to children generally. We cannot read the will otherwise, so as to give it a sensible construction.

As to the offer of parol evidence, the court are all of opinion that such evidence cannot be received to prove the intention of the testatrix to give this quarter part of the residue after their father's death, to all the children of Stephen Varney. It is within all the reasons and authorities so fully considered in the late case of *Tucker* v. *Seaman's Aid Society,* ·(*ante,* 188.)

The decree therefore will be, that the trust for this quarter

part of the residue, since the decease of Stephen Varney, is for the benefit of William Henry and Betsey Varney, and that the other children are not entitled to share.